UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM McKNIGHT, et al.,<br><br>                   Plaintiffs,<br>v.<br>NOBU HOSPITALITY GROUP, LLC,<br><br>                   Defendant. | Case No. 2:16-cv-02643-APG-PAL<br><br>ORDER<br><br>(Mots Ext Time – ECF Nos. 14, 15) |

Before the court is defendant's Motion to Extend Discovery Cutoff (ECF No. 14), and plaintiffs' Motion for Enlargement of Time for Discovery and Other Deadlines (ECF No. 15). Each motion requests an extension of the discovery plan and scheduling order deadlines.

At a hearing conducted January 10, 2017 the court granted the parties' request for special scheduling review and gave the parties 9 months to complete discovery, rather than the year they requested. See Minutes of Proceeding, (ECF No. 11). However, the court advised counsel that any request for an extension must be supported by a strong showing of good cause and due diligence. *Id.*

Defendant's motion states that it has been diligent but has been hindered in completing discovery because plaintiff needed more time to respond to written discovery because he alleges a traumatic brain injury, and that the parties are in the process of scheduling plaintiffs' return to Las Vegas for depositions and a Rule 35 IME of Mr. McKnight. Additionally, some of the medical providers have not made prompt disclosures. Defendant's motion outlines the discovery completed to date and states the depositions of the plaintiffs, an IME of Mr. McKnight, expert disclosures, and expert depositions need to be completed.

Plaintiffs' motion states that shortly after the hearing defense counsel stated that plaintiffs had sued the wrong party and should have sued Caesars rather than Nobu. Plaintiffs' counsel

requested a copy of the contract between Nobu and Caesars to verify the correct entity, but production of the document was delayed while the terms of a protective order were agreed upon. The contract was not provided until April 21, 2017 or 24 hours before the deadline to file a motion to amend. It was produced in redacted form and did not contain the names of "persons responsible for aspects of Nobu guest rooms including choosing décor and fixtures like sinks, showers, etc." A conference call was arranged for May 18, 2017 in which defense counsel stated he would agree to substituting Caesars for Nobu, but would not agree to allow plaintiffs to amend the complaint to add new parties. After the telephone conference counsel for plaintiffs realized the deadline for filing motions to amend had passed. Plaintiffs' counsel wants a 60-day extension of the discovery plan and scheduling order deadlines and to reopen the deadline to file motions to amend "to flush out the proper parties that need to be named."

Plaintiffs need to serve written discovery, and possibly amend the complaint, and take the deposition of at least one representative of defendant and possibly a few others. Either side may need to take depositions of persons most knowledgeable and additional medical providers which may require travel to Kentucky. Both sides must disclose experts, and take their depositions. Plaintiffs state good cause and excusable neglect justify the extension and reopening requested because there have been "logistical issues that have delayed this matter" because the plaintiffs live in Kentucky, and the vast majority of medical providers are there.

Having reviewed and considered the motions the court finds plaintiffs have not established good cause, excusable neglect or due diligence in even attempting to comply with the discovery plan and scheduling order deadlines. To the contrary, plaintiffs have not even served written discovery despite being warned at the January 10, 2017 hearing that, although the court would grant special scheduling review and give the parties 90 days longer than the amount of time deemed presumptively reasonable by LR 26-1, any request would be scrutinized for a strong showing of good cause and due diligence.

The parties initially submitted a proposed discovery plan and scheduling order which requested one year to complete discovery based on arguments Mr. McKnight suffered a traumatic brain injury, the plaintiffs resided out of state, there would be difficulty getting out of state medical

records, and some discovery would be needed to ascertain the proper defendant(s), and there was the possibility that the complaint would need to be amended to name the operator of the applicable tower. Stipulation, ECF No. 7. The parties' proposed plan was filed December 27, 2016. Thus, plaintiffs' counsel was aware of the need to propound appropriate discovery to explore the proper party, and whether to name additional parties before the scheduling conference. Despite this knowledge, and the court's warning, counsel has done absolutely nothing to prosecute this case other than making initial disclosures, and requesting a copy of the contract between Caesars and Nobu. Additionally, although the face of the motion states plaintiffs' counsel is requesting a 60-day extension, the proposed extended deadlines are approximately 2 weeks longer. Finally, even if plaintiffs' counsel had shown some diligence in pursuing needed discovery, it is highly unlikely that plaintiffs will be able to complete the additional discovery needed within the additional time requested to ascertain the identities of non-parties responsible for selecting bathroom fixtures which are allegedly "at issue in this matter", even if the extension was granted. Plaintiffs had not even served written discovery as of the date the motion was filed on May 26, 2017, despite knowing defense counsel would not stipulate to an extension of the deadline to file a motion to amend to add parties.

Defendant, by contrast, has conducted substantial discovery. Defense counsel served written discovery the day of the scheduling conference, January 10, 2017. Defense counsel set up a meet and confer conference March 17, 2017 when plaintiffs had not responded to written discovery, supplemented defendant's initial disclosure 3 times, and requested medical bills and records from multiple providers once plaintiffs responded to defendant's discovery requests.

The court will therefore grant a 60-day extension of the discovery cut-off and related case management deadlines that had not expired before the motions were filed, and deny plaintiffs' request to reopen the deadline to file a motion to amend the complaint to add parties. However, the court will require counsel for defendant to live up to his agreement to allow plaintiffs to substitute the proper party defendant.

Accordingly,

/ / /

**IT IS ORDERED:**

1. Defendant's Motion to Extend Discovery (ECF Nos. 14) by 60 days is **GRANTED**, and the following discovery plan and scheduling order dates shall apply:

    a. Last date to complete discovery: **October 13, 2017.**

    b. Last date to file interim status report: **August 14, 2017.**

    c. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **August 14, 2017.**

    d. Last date to disclose rebuttal experts: **September 13, 2017.**

    e. Last date to file dispositive motions: **November 13, 2017.**

    f. Last date to file joint pretrial order: **December 13, 2017**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

2. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

3. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **September 22, 2017**, and shall fully comply with the requirements of LR 26-4.

4. Plaintiffs' Motion (ECF No 15) is **GRANTED** to the extent both sides will receive a 60-day extension of the discovery plan and scheduling order deadlines as set forth in the first paragraph, and **DENIED** with respect to the request to reopen the deadline for filing a motion to amend the pleadings to add parties, but **GRANTED** to substitute the proper party defendant.

DATED this 2nd day of June, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE