UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| WILLIAM McKNIGHT, et al., | Case No. 2:16-cv-02643-APG-PAL |
| --- | --- |
| Plaintiffs, | ORDER |
| v. | (Mot Enlarge Time – ECF No. 24) |
| NOBU HOSPITALITY GROUP, LLC, | (Mot for Setlmt Conf – ECF No. 25) |
| Defendant. | |

Before the court is Plaintiffs' Motion for Enlargement of Time for the Deadline to Disclose Rebuttal Experts, Discovery Cutoff Date, and All Other Deadlines (Second Request to Modify Scheduling Order) (ECF No. 24), and Motion for Settlement Conference (First Request) (ECF No. 25). The court has considered the motions, defendant's Joint Opposition (ECF No. 26) and plaintiffs' Replies (ECF Nos. 33,34).

Both of plaintiffs' motions were filed August 23, 2017. Neither requested expedited review. Briefing was not completed until September 21, 2017, more than a week after the rebuttal expert disclosure deadline. The motions were filed approximately 6 weeks before deadline to complete discovery set by the court's Discovery Plan and Scheduling Order (ECF No. 16). That order established an October 13, 2017 deadline to complete discovery, and a September 13, 2017 deadline to disclose rebuttal experts. Both motions request that the rebuttal expert disclosure deadline be reset to at least 30 days until after the court sets a mandatory settlement conference to avoid the expense of rebuttal expert reports and the costs of expert depositions, transcripts of those depositions, and additional discovery. Plaintiffs anticipated it would cost approximately $35,000 to $40,000 "just to get this matter through rebuttal expert disclosures and discovery." The request was made to set a mandatory settlement conference giving plaintiffs, who live out of state, at least 21 days advanced notice to book plane tickets.

1    Plaintiffs argue that a settlement conference before the rebuttal expert deadline is an ideal time because the parties have disclosed their initial experts. Plaintiffs retained a structural engineer who has opined that the hotel's open shower sprays water onto the floor and that the tile used on the bathroom floor does not pass slip tests, is below code, and below minimum safety standards. The defendant will not be prejudiced and stands to benefit from a settlement conference, and extension of the deadlines will allow both parties to assess the case and recognize issues before the rebuttal deadlines. There is good cause to amend the discovery plan and scheduling order deadlines because preparing to engage in a settlement conference requires a thorough review of the case.

Defendant opposes both motions. Defendant argues that this lawsuit was filed on June 2, 2016, predicated on an incident that occurred on August 29, 2014, in the Nobu Hotel at Caesars Palace. Plaintiffs asserted four causes of action and their principal theory of this case was unknown to defense counsel until plaintiffs' recent expert disclosure. Counsel for defendant claims that plaintiffs have no evidence that the floor was wet at all when Mr. McKnight fell down. Rather, records from the paramedics that responded to the incident and emergency room records reflect that Mr. McKnight fell due to a syncopal episode, that is, he fainted.

Additionally, plaintiffs assume Nobu owned or operated the hotel room in Caesars Palace in which the plaintiff fell. It does not. Desert Palace Inc. (dba Caesars Palace) owns and operates all hotel areas at the Caesars Palace property. Nobu gave Caesars Palace a license to use and employ Nobu concept marks in connection with Caesars Palace developing, operating, owning, and managing a hotel at Caesars Palace. Caesars Palace agreed to hire a project designer agreed upon by Nobu in connection with remodeling and refurbishing an existing hotel tower to incorporate the "Nobu aesthetic style." Nobu did not own, operate, or control the subject room in which plaintiff fell, and owed no duty to plaintiffs with respect to its contract with Caesars Palace to allow use of Nobu's concept marks and aesthetic designs.

The defendant opposes the motion to extend the discovery plan and scheduling order deadlines arguing plaintiffs sued the wrong party and have not shown good cause to extend the deadlines. Defendant also opposes an early settlement conference because settlement conferences

in this district are generally held, depending on the assigned district judge, either after dispositive motions are decided, or after dispositive motions are filed and fully briefed. Nobu has no objection to participating in a settlement conference if and when the district judge submits the matter for a settlement conference in the ordinary course. However, it argues that a settlement conference is premature until after the dispositive motion phase of the case because significant legal issues need to be resolved first including: (1) whether Nobu is liable for the accident when it was not the owner or occupier of the hotel room; (2) whether plaintiffs' claims against any other owner/occupier defendant are time barred; and (3) whether there is any evidence in the record to support plaintiffs' claim that Mr. McKnight's unfortunate fall was due to a wet and slippery bathroom floor.

Plaintiffs filed replies which reiterate arguments that this is an ideal time for a settlement conference before experts and treating physicians have been deposed and these costs expended. Plaintiffs are now "primed to settle". Defense counsel do not have an expert who has tested the friction of the flooring approved by defendant Nobu. The case may be harder to settle for the defendant after plaintiffs win a motion for summary judgment on the issue of defendant's flooring choice which does not meet code requirements.

At a January 10, 2017 hearing regarding the discovery plan and scheduling order, a settlement conference was discussed. Plaintiffs claim that defense counsel did not provide the information plaintiffs needed to assess the party that should be named as a defendant in this case for several months. Plaintiffs filed a motion to extend the deadline to add parties and amend the pleadings in this matter in order to add Desert Palace as a party. The court granted the motion in part allowing plaintiffs to substitute Desert Palace in place of the named defendant Nobu Hospitality Group, LLC. However, defendant responded by filing a motion for reconsideration which is still pending.

LR 16-5 provides that the court may, in its discretion, set a settlement conference at any time. Defendant makes no argument that this rule does not apply. Holding a mandatory settlement conference will minimize the expenditure of judicial and party resources, and even if it does not result in a resolution, it "will serve to Yield a More Comprehensive Thorough Discovery Process."

1 Having reviewed and considered the moving and responsive papers the court finds plaintiffs have not shown good cause for an extension of the discovery plan and scheduling order deadlines. The parties requested and received special scheduling review. Although the court did not approve the parties' request for twice the amount of time deemed presumptively reasonable by LR 26-1 the parties were given 270 days, or an additional 90 days, calculated from the date of removal. The order (ECF No. 9) explicitly advised the parties that any application for an extension must satisfy the requirements of the Local Rules. The minutes also reflect that the court advised the parties that any request for an extension must be supported by a strong showing of good cause and due diligence. (ECF No 11). The initial order set an August 14, 2017 discovery cutoff.

Both sides filed motions for extension of the discovery plan and scheduling order deadlines. (ECF Nos. 13 & 14). The court found that plaintiffs had not established good cause, excusable neglect or due diligence in even attempting to comply with the discovery plan and scheduling order. (ECF No. 16). When the motion was filed plaintiffs' counsel had not even served any written discovery requests, and the deadline for filing a motion to amend the pleadings and add parties had expired, despite the fact the parties were warned at the January 10, 2017 hearing that any request for extension would be scrutinized for a strong showing of good cause and due diligence. By contrast, defense counsel served written discovery the day after the scheduling conference, set up a meet and confer conference when plaintiffs had not responded to written discovery, supplemented initial disclosure three times, and requested medical records and bills from multiple providers once plaintiffs responded to defendant's discovery requests. The court therefore granted a 60-day extension of the discovery plan and scheduling order deadlines, extending the discovery cutoff to October 13, 2017. Order (ECF No. 16).

The order (ECF No 16) was entered before briefing on the two motions to extend closed because both sides were requesting a 60-day extension and if the court had waited until briefing closed, more than 30 days of the requested 60 days of the requested extension would have expired. Plaintiffs' motion for an extension represented that defense counsel had agreed to allow an amendment of the complaint to substitute the proper party defendant. As a result, the order granting the extension denied plaintiffs' request to reopen the deadline to file a motion to amend

4

the complaint to add new parties but stated "the court will require counsel for defendant to live up to his agreement to allow plaintiffs to substitute the proper party defendant." *Id.* Defense counsel filed an Objection in Part to Magistrate Judge's Order (ECF No. 17) two weeks later which argues there was no factual or legal basis to permit the substitution of defendants, and allowing substitution at this late date "would eviscerate an otherwise available statute of limitations defense." *Id.* The motion disputes that defense counsel agreed to allow substitution. Because defense counsel filed it as a limited objection appealing my order rather than a request for me to reconsider, the motion is under submission to the district judge. It has therefore not been decided whether plaintiffs will be permitted to amend the complaint to substitute the proper defendant.

The court will also deny plaintiffs' request for a mandatory settlement conference before the rebuttal expert deadline which expired more than a week before plaintiffs filed their reply briefs. At the January 10, 2017 scheduling conference and in the written order entered after the hearing, the potential for setting an early settlement conference to avoid expensive expert discovery was discussed. The court indicated that if *both sides* agreed, and believed an early settlement conference might be productive, and that they had sufficient information to conduct a meaningful settlement conference, the court would set one. Both sides do not agree. Briefing on the motion did not expire until after the rebuttal expert deadline expired. Unless the parties disregarded the court imposed deadlines a settlement conference would not save rebuttal expert or other costs. Additionally, the court schedules three settlement conferences per week and does not have an available date until January, 2018.

Moreover, it is clear counsel for Nobu's legal position is that the wrong defendant was named, the named defendant has no liability, and that the statute of limitations has expired as to the proper party defendant. The defense is unwilling to participate in a voluntary settlement conference until these issues have been decided, and the district judge has not decided whether to allow amendment or referred the case for a mandatory settlement conference. Given the parties' positions and the procedural posture of this case the court concludes a mandatory settlement conference at this juncture would be a waste of resources to both the parties and the court.

For these reasons,

**IT IS ORDERED**:

1. Plaintiffs' Motion for Enlargement of Time (ECF No 24) is **DENIED**.
2. Plaintiffs' Motion for Settlement Conference (ECF No 25) is **DENIED**.

DATED this 3rd day of November, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE