# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM MCKNIGHT and ELLA MCKNIGHT,<br><br>　　Plaintiffs<br><br>v.<br><br>NOBU HOSPITALITY GROUP LLC and DESERT PALACE, INC.,<br><br>　　Defendants | Case No.: 2:16-cv-02643-APG-PAL<br><br>**Order (1) Denying Defendant's Motion to Dismiss and (2) Granting Defendants' Motions to Strike**<br><br>[ECF Nos. 59, 73] |

　　This dispute arises from plaintiff William McKnight's slip and fall in the Nobu Hotel in Caesars Palace. Over the course of nearly two years, the parties have disputed who the correct defendants are. In response to an order and clarification from the court, the McKnights filed a First Amended Complaint (FAC), naming Nobu Hospitality Group LLC and Desert Palace, Inc. as defendants. The FAC, while not adding new claims, also added two pages of new language. Nobu moves to dismiss the FAC or in the alternative, strike the newly added language. Nobu contends the McKnights did not have the court's permission to add a new defendant, only to substitute Desert Palace for Nobu. Nobu also contends that the newly added language violates the court's order permitting amendment. Desert Palace moves to strike the new language on the same grounds.

　　The McKnights respond that Magistrate Judge Leen allowed them to add Desert Palace as a defendant, not simply to substitute it for Nobu. They also argue that the FAC does not add any new causes of action and that any language differences are stylistic.

　　I deny Nobu's motion to dismiss, but grant the defendants' motions to strike in part. The court granted the McKnights leave to file an amended complaint naming both defendants.

However, the court did not grant them permission to change anything else about their complaint. Therefore, any language other than that identifying the newly added defendant Desert Palace must be stricken as explained more fully below.

I. **ANALYSIS**

A. *Nobu's Motion to Dismiss*

In June 2017, Magistrate Judge Leen entered an order granting the McKnights' request to substitute the proper party defendant. ECF No. 16. I affirmed this order in its entirety. ECF No. 48. In a scheduling conference on January 8, 2018, Judge Leen clarified that the McKnights had leave to file an amended complaint naming both Nobu and Desert Palace as defendants, but otherwise could not amend the complaint. Nobu did not file an objection to Judge Leen's statement at that hearing. "The district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Miller v. Safeco Title Ins. Co.*, 758 F.3d 364, 369 (9th Cir. 1985). Judge Leen's clarification in the January hearing expressly allowed the McKnights to name both Nobu and Desert Palace as defendants in the FAC. Therefore, I deny Nobu's motion to dismiss.

B. *Motions to Strike*

Both defendants move to strike the new language in the FAC. They argue the McKnights added sixteen new paragraphs and new language in thirteen other paragraphs, in violation of the court's order allowing amendment only to add a defendant. The McKnights respond that the new language does not change the alleged claims and is the result of stylistic changes.[1]

---

[1] The McKnights also argue that Desert Palace's motion to strike was filed after it answered the complaint and is therefore improper. However, the answer and motion were filed at the same time, and Desert Palace's answer stated the language and paragraphs at issue should be struck and that it was answering without waiving that objection. *See* ECF Nos. 72; 73.

2

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading is served, a party may amend only with the opposing party's consent or the court's leave. In this case, the McKnights sought the court's leave to amend their pleading, but it was granted only in part. Judge Leen granted the McKnights leave to amend their pleading to add a defendant but for no other purpose. To the extent that any of the new language in the FAC addresses the addition and identification of Desert Palace as a defendant, it would be acceptable. However, Judge Leen did not grant leave to amend the complaint in any other way.

The sixteen new paragraphs in the FAC are not simply "stylistic changes." Those paragraphs set forth new allegations and theories of liability not included in the original complaint, and are therefore improper amendments. Paragraphs 2, 3, 7, 10, 14, 16, 17, 19, 24, 25, 26, 32, 33, 34, 35, and 49 are stricken.

Some of the newly added language in other paragraphs is more a matter of style and precision than anything else. For example, where the original complaint referred to "Defendants," the FAC refers to "one or more of the Defendants." This specific phrasing in paragraphs 1, 6, 21, 22, 28, 29, 30, 31, 37, 38, 40, 41, and 47 will not be stricken, as it pertains to the addition of Desert Palace and does not materially change the complaint in any other way. However, all other new language added in paragraphs 6, 12, and 30 is stricken, as that language does not address the newly added defendant.

II.  **CONCLUSION**

IT IS THEREFORE ORDERED that defendant Nobu Hospitality Group LLC's motion to dismiss or in the alternative to strike **(ECF No. 59) is GRANTED in part.** I deny the motion to dismiss but grant the motion to strike in part as described above.

IT IS FURTHER ORDERED that defendant Desert Palace, Inc.'s motion to strike **(ECF No. 73) is GRANTED in part** as described above.

DATED this 7th day of August, 2018.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE