UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM McKNIGHT, et al.,<br><br>　　　　　　　Plaintiffs,<br>v.<br>NOBU HOSPITALITY GROUP LLC, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-02643-APG-PAL<br><br>ORDER<br><br>(Motions – ECF Nos. 128; 131; 159; 163; 164) |

Before the court are the following motions and related documents which the court has reviewed and considered:

1. Defendant Desert Palace's Motion to Amend the Scheduling Order (ECF No. 128); Response (ECF No. 141); and Errata (ECF No. 145).

The motion seeks leave to amend the scheduling order to substitute one rebuttal expert for another after the scheduling order deadline because the first rebuttal expert was unable to provide a list of his prior testimony and trial list for the past four years. The proposed substitute expert has adopted the same opinions but is able to provide the information required by Rule 26(a)(2)(B). Plaintiffs oppose the motion as untimely and because the defendants have repeatedly been uncooperative with respect to providing the job file and other information plaintiff.

The court finds defendants' failure to timely disclose the information required by Rule 26(a)(2)(B) is not substantially justified. The court will grant the motion and allow the substitution of experts, but sanction defendants by requiring defendants to pay the expert's deposition preparation and attendance fees and plaintiffs' attorneys' fees and costs for taking the deposition.

///

///

1

2. Defendant Desert Palace's Motion to Substitute Defense Expert, Michael Brant-Zawadzki, M.D. (ECF No. 131); Response (ECF No. 141); Errata (ECF No. 145) and Reply (ECF No. 146).

This was initially filed as one motion with ECF No. 128. Defendants seek leave to substitute one neuroradiologist rebuttal expert Dr. King, for neuroradiologist Brant-Zawdadski for the reasons stated above. The court will grant the motion but limit Dr. King's testimony and opinions to those already disclosed by Dr. Brant-Zawdowski, and sanction defendants for the late disclosure as set forth in the prior paragraph.

3. Motion for Emergency Protective Order (ECF No. 159); Response (ECF No. 166); and Reply (ECF No. 169).

Defendants sought an emergency protective order precluding plaintiffs' counsel from asking their Rule 30(b)(6) designees questions at their depositions on topics the court had previously excluded at a hearing held on November 28, 2018. Additionally, the motion asked for emergency relief because one of its designees was unavailable on the date scheduled for her deposition. Plaintiffs oppose the motion. Defendants' motion is denied. Defendants have repeatedly failed to produce witnesses scheduled for deposition and requested that depositions be scheduled at the 11th hour. To the extent defendants believe questions were asked at a Rule 30(b)(6) deposition on topics the court did not allow, Rule 30(c) and (d) remedies apply.

4. Plaintiffs' Motion to Preclude Defendants from Offering or Relying Upon any Expert Testimony and/or Witnesses Not Disclosed Pursuant to Fed. R. Civ. P. 26(a) (ECF No. 163); Response (ECF No. 168); and Reply (ECF No. 171).

Discovery in this case closed October 31, 2018 after multiple extensions. However, the court allowed plaintiffs to complete depositions of multiple individuals identified in discovery responses and status reports. The deadline for disclosing initial experts closed August 14, 2017. Defendants served discovery responses December 11, 2018 and January 4, 2019. Plaintiffs seek to preclude defendants from offering opinion testimony of Dr. Donald Reisch, an emergency room physician, and/or Ronald Tucker, an EMT, that Mr. McKnight's claimed injuries were caused by a syncopal episode and/or fainting. Defendants oppose the motion arguing both witnesses were

1  deposed by defendants long before the close of discovery in September 2017 and plaintiffs' counsel had the opportunity to cross-examine the witnesses about their percipient observations and opinions. Neither is a retained expert. The discovery disclosures served in December 2018 and January 2019 were the result of orders compelling the defendants to supplement many discovery responses the court found deficient. Plaintiffs' motion is therefore denied.

5. Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) (ECF No. 164); Response (ECF No. 167); and Reply (ECF No. 170).

Plaintiffs seek to preclude defendants from calling witnesses and introducing documents not disclosed before the close of discovery in a supplemental Rule 26(f) disclosure served January 9, 2019. The disclosure identified 20 witnesses not previously disclosed whom defendants may call at trial, and 26 additional "placeholder" witnesses with descriptions such as "treating nurses", "treating physicians", and custodians of records for various hospitals and other health care providers. In addition, defendants served approximately 200 additional documents. Defendants oppose the motion pointing out that plaintiffs requested and received leave to depose many of the individuals now disclosed as witnesses. Additionally, the supplemental disclosures were made to comply with the court's orders.

The motion is granted with respect to the unidentified "placeholder" witnesses, and witnesses plaintiffs have not deposed, except for those witnesses not yet deposed that the court has granted plaintiff the opportunity to depose. The motion is also granted with respect to documents supporting defendants' defenses disclosed after the close of discovery. With respect to these witnesses and documents, defendants have not shown the late disclosures were substantially justified or harmless. Therefore, preclusion sanctions under Rule 37(c) are appropriate. The witnesses and documents may not be used except for impeachment.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendant Desert Palace's Motion to Amend the Scheduling Order (ECF No. 128) is **GRANTED**.

2. Defendant Desert Palace's Motion to Substitute Defense Expert, Michael Brant-Zawadzki, M.D. (ECF No. 131) is **GRANTED subject to the sanctions and limitations imposed in this order**. The parties shall meet and confer to set Dr. King's deposition as expeditiously as possible on a date mutually agreeable to the witness and counsel within the next 45 days.

3. Motion for Emergency Protective Order (ECF No. 159) is **DENIED**.

4. Plaintiffs' Motion to Preclude Defendants from Offering or Relying Upon any Expert Testimony and/or Witnesses Not Disclosed Pursuant to Fed. R. Civ. P. 26(a) (ECF No. 163) is **DENIED**.

5. Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) (ECF No. 164) is **GRANTED in part and DENIED in part** consistent with this order.

6. Plaintiffs shall have until **June 28, 2019** to file a motion for attorneys' fees and costs in strict compliance with LR 54-14 outlining the costs and attorneys' fees sought as monetary sanctions for the series of discovery disputes in which the court has granted plaintiffs' relief.

7. Defendants shall have until **July 12, 2019** to file a response to the motion for attorneys' fees and costs.

8. Plaintiffs shall have until **July 19, 2019** to file a reply which mat not exceed 5 pages.

DATED this 30th day of April 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4