# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM MCKNIGHT, et al., | Case No. 2:16-cv-02643-APG-BNW |
| Plaintiffs, | |
| v. | **OMNIBUS ORDER** |
| NOBU HOSPITALITY GROUP, LLC, et al., | |
| Defendants. | |

Presently before the court are two motions. First, Defendants filed a Motion to Increase Security Bond (ECF No. 174) on April 22, 2019. Plaintiffs responded on May 28, 2019 (ECF No. 184), and Defendants replied on June 5, 2019 (ECF No. 188). Second, Plaintiffs filed a Motion for Attorneys' Fees and Costs on June 29, 2019 (ECF Nos. 191, 192) and an errata to this motion the same day (ECF No. 194). Defendants responded on July 12, 2019 (ECF No. 196), and Plaintiffs replied on July 23, 2019 (ECF No. 199). The court will address each motion in turn.

**I.     DEFENDANTS' MOTION FOR A BOND INCREASE (ECF NO. 174)**

    **A.     Background**

At the beginning of this case, Defendant Nobu demanded that Plaintiffs each pay a security cost bond of $500 in accordance with NRS § 18.130. (ECF No. 174 at 3; Ex. A.) Plaintiffs did so. (*Id.* at Ex. B.)

Defendants' motion for an increased security bond now asks the court to require Plaintiffs to pay an increased bond of $52,789.33. (*Id.* at 7.) Defendants assert that this is one third of the attorneys' fees and costs incurred by Defendants since they made offers of judgments on Plaintiffs (and Plaintiffs let these offers expire). (*Id*.) Defendants argue that increasing the bond to

$52,789.33 is necessary to protect Defendants' interests and that Plaintiffs have "in nearly all instances, unilaterally driven up the costs and fees of this litigation." (*Id.* at 7, 11.)

Defendants rely on *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 575 (9th Cir. 1994) to support their argument that an increased cost bond is appropriate. Relying on *Simulnet*, they argue that the court must weigh several factors when deciding whether to impose an additional bond. (ECF No. 174 at 10.) These factors include the likelihood of success on the merits; the reasonableness of the requested bond from the plaintiff and defendant's perspective; and the plaintiff's ability to post the bond. (*Id.*) Defendants argue that each of these factors weigh in favor of requiring an increased bond. (*Id.* at 10-12.)

Plaintiffs' oppose Defendants' request for an increase bond on several grounds. (*See* ECF No. 184.) First, Plaintiffs argue that Defendants, not Plaintiffs, have unnecessarily driven up the cost of this litigation. (*Id.* at 3.) They note that Defendants have been warned on more than one occasion by the court that Defendants would be sanctioned for their discovery conduct. (*Id.*) Second, Plaintiffs also assert that, "granting Defendants['] motion would effectively end Plaintiffs' case[,] as Plaintiffs' do not have access to over $50,000 to deposit with the court." (*Id.* at 7.) Third, Plaintiffs assert that allowing an increased bond under N.R.S. § 18.130 poses constitutional concerns under the United States Constitution, Article IV, § 2. (*Id.* at 12.)

In Defendants' reply brief, they again argue that their motion should be granted. They argue that Plaintiffs failed to address the factors set forth in *Simulnet* and *Monsterrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22 (9th Cir. 1983).[1] (ECF No. 188 at 3.) They also argue that Plaintiffs' assertion that they cannot afford the $50,000 bond should be rejected. (*Id.* at 4.) This is so, according to Defendants, because Plaintiffs do not support their argument with an affidavit or financial statement. (*Id.*) Defendants also address Plaintiffs' constitutional argument. (*Id.*)

---

[1] *Monsterrat* did not involve the statutory provision at issue, NRS § 18.130. Accordingly, the court will not discuss it further.

**B.     Analysis**

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Federal courts do, however, have inherent power to require plaintiffs to post such security. *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116, 1121 (9th Cir.1987). Typically, federal courts follow the forum state's practice regarding security for costs. *Simulnet*, 37 F.3d at 574.

It has been the policy of the United States District Court for the District of Nevada to follow the forum state's practice regarding security for costs. The District does this by enforcing the requirements NRS § 18.130 in diversity actions. *Id.*; *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, 257 F. Supp. 3d 1110, 1111 (D. Nev. 2017). NRS § 18.130 provides, in relevant part:

> 1. When a plaintiff in an action resides out of the State, . . . security for the costs and charges which may be awarded against such plaintiff may be required by the defendant . . . When so required, all proceedings in the action shall be stayed until an undertaking . . . be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking . . . .
>
> **2. A new or an additional undertaking may be ordered by the court or judge upon proof that the original undertaking is insufficient security** . . . .

Nev. Rev. Stat. Ann. § 18.130 (West) (emphasis added).

As the statute makes clear, a defendant may request that an initial security be posted. If one is requested and posted, the defendant may request that additional security be posted later in the litigation, as Defendants do here. *See Simulnet*, 37 F.3d at 575.

The court has discretion to order that additional security be required; the rule is not mandatory. *See* Nev. Rev. Stat. Ann. § 18.130 ("A new or an additional undertaking **may** be ordered by the court . . . ."); *Fourchier v. McNeil Const. Co.*, 68 Nev. 109, 122 (1951) ("There is no occasion for us to construe the discretionary 'may' as having the meaning of the mandatory

'must' or 'shall.'"). The Ninth Circuit has suggested that in exercising this discretion, the court should balance the likelihood of success on the merits, the reasonableness of the requested bond from the plaintiff and defendant's perspective, and the plaintiff's ability to post the bond. *Simulnet*, 37 F.3d at 576. The Ninth Circuit has further cautioned that in balancing these factors, "care must be taken not to deprive a plaintiff of access to the federal courts. To do so has serious constitutional implications. Our statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance." *Simulnet*, 37 F.3d at 575-76.

Having reviewed the record in this case and considered the parties' arguments, the court, in its discretion, will not impose an increased cost bond on Plaintiffs.

First, the court considered the likelihood of success on the merits. As an initial matter, while Defendants argue that Plaintiffs are unlikely to succeed on the merits, their argument is one paragraph and does not cite any evidence. (ECF No. 174 at 10-11.) The court also notes that Plaintiffs have some likelihood of success on the merits, having survived a motion to dismiss. (*See* ECF No. 98.) Accordingly, the court does not find that Defendants have established Plaintiffs are unlikely to succeed on the merits.

Second, the court considered the reasonableness of the bond from the Defendants' and Plaintiffs' perspective. Defendants essentially argue that the increased cost bond is appropriate because (1) Defendants have incurred significant costs since Plaintiffs allowed offers of judgment to expire and (2) Plaintiffs have, in "nearly all instances, unilaterally driven up the costs and fees in this litigation." (ECF No. 174 at 11.) The court disagrees. While Defendants may have incurred significant costs since offers of judgment expired, (1) Plaintiffs were not required to accept these offers of judgment; and (2) Defendants have driven up their own costs, at least in part, by causing unnecessary discovery disputes. In fact, Defendants have been warned about being sanctioned, and actually have been sanctioned, on more than one occasion for their conduct in discovery. (*See, e.g.,* ECF No. 122 at 18:6-13 (warning Defendants that the court was close to imposing case-dispositive sanctions); ECF No. 140 at 36:5-6 (warning Defendants that sanctions would be imposed on them for their discovery failures); ECF No. 177 (sanctioning Defendants in multiple

ways and allowing Plaintiffs to file a motion requesting sanctions for "the series of discovery disputes in which the court has granted plaintiffs relief"). As such, the court finds it is unreasonable to ask Plaintiffs to pay a $52,789.33 bond.

Third, the court considered Plaintiffs' ability to post the $52,789.33 bond. Plaintiffs explain that they are two retired individuals with limited funds. (ECF No. 184 at 7.) Plaintiffs' counsel states that "granting Defendants['] motion would effectively end Plaintiffs' case[,] as Plaintiffs do not have access to over $50,000 to deposit with the court." (*Id.*) As this statement was made under the penalty of perjury by an officer of the court and the court has no evidence suggesting it is false, the court accepts it as true. Accordingly, the court finds that Plaintiffs cannot pay the $52,789.33 bond.

Balancing the factors discussed above and heeding the Ninth Circuit's warning that "care must be taken not to deprive a plaintiff of access to the federal courts," this court will not impose a $52,789.33 cost bond on Plaintiffs. *See Simulnet*, 37 F.3d at 575-76.

## II. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NOS. 191, 192)

### A. Background

Plaintiffs' motions for attorneys' fees and costs is expressly based on a prior order of this court, ECF No. 177. ECF No. 177 was an order ruling on several pending motions in this case.

One motion that the court ruled on in ECF No. 177 is relevant to Plaintiffs' motion for attorneys' fees and costs. Specifically, Defendants moved to substitute experts after the scheduling order deadline. (ECF No. 177 at 1.) Plaintiffs opposed the motion as untimely. (*Id.*) The court granted Defendants' motion but agreed with Plaintiffs that it was untimely and that this late disclosure was not substantially justified. (*Id.*) Accordingly, court ruled, in the body of the order, that it would "sanction defendants by requiring defendants to pay the expert's deposition preparation and attendance fees and plaintiffs' attorneys' fees and costs for taking the deposition." (*Id.*)

The "IT IS SO ORDERED" section of ECF No. 177 is also relevant to the motion currently before the court. In the "IT IS SO ORDERED" section, the court wrote, in one

paragraph, that Defendants' motion to substitute its expert was granted "subject to the sanctions and limitations imposed in this order." (*Id.* at 4.) In another paragraph, the court wrote, "Plaintiffs shall have until June 28, 2019 to file a motion for attorneys' fees and costs in strict compliance with LR 54-14 outlining the costs and attorneys' fees sought as monetary sanctions for the series of discovery disputes in which the court has granted plaintiffs' relief." (*Id.* at 4.)

In response to this order, Plaintiffs did not move the court for their fees and costs associated with deposing Defendants' expert,[2] which the court explicitly said would be awarded. (ECF No. 177 at 1.) Instead, Plaintiffs seek $226,100 in attorneys' fees and $26,457.64 in costs "that have been spent on discovery disputes alone in this matter . . . ." (ECF No. 194 at 2.)

Defendants make several arguments in response. Their main argument is that Plaintiffs "ignore the narrow scope of the sanctions ordered" related to deposing Defendants' expert and instead overreach in their attempt to recoup attorneys' fees and costs. (ECF No. 196 at 9.) Defendants also argue that Plaintiffs failed to comply with Federal Rule of Civil Procedure 54(d)(2)(b)(ii)'s requirement that a party seeking attorneys' fees must specify the authority that entitles them to such fees. (*Id.* at 12.) Defendants also assert that even had the court allowed Plaintiffs to seek all of their fees and costs for discovery disputes in which the court granted them relief, they fail to do this. Instead, they asked this court to "take it upon itself to review its docket to determine which, if any, of the 'discovery disputes' referenced in Plaintiffs' Motion were granted by the Court." (*Id.* at 11.)

Plaintiffs' reply brief largely reiterates the arguments made in Plaintiffs' opening brief. Plaintiffs focus much attention on the fact that there have been a series of discovery disputes in this case and that the court threatened to sanction Defendants on more than one occasion in the past. (ECF No. 199 at 5-6.) Plaintiffs suggest that Defendants are "trying to take advantage of the fact that Judge Leen retired to re-write history to avoid penalties." (*Id.* at 5.) Plaintiffs also assert

---

[2] At the time Plaintiffs filed their motion for attorneys' fees and costs, Defendant's expert had not been deposed. Accordingly, Plaintiffs stated that they would supplement their motion with the fees and costs incurred in deposing Defendants' expert. (ECF No. 191 at 11.)

that Defendants' claim that sanctions were supposed to be limited to one deposition is disingenuous. (*Id.* at 6.)

Plaintiffs still do not include a calculation for fees and costs incurred in deposing Defendants' expert.

**B.     Analysis**

As is relevant to the motions before the court, ECF No. 177 provided two different rulings. First, the court stated as follows: "The court will . . . sanction defendants by requiring defendants to pay the expert's deposition preparation and attendance fees and plaintiffs' attorneys' fees and costs for taking the deposition." (ECF No. 177 at 1.) Second, the court stated: "Plaintiffs shall have until June 28, 2019 to file a motion for attorneys' fees and costs in strict compliance with LR 54-14 outlining the costs and attorneys' fees sought as monetary sanctions for the series of discovery disputes in which the court has granted plaintiffs' relief." (*Id.* at 4.) In other words, this court's prior order provided (1) that Plaintiffs *would* be awarded their fees and costs associated with deposing Defendants' expert; and (2) Plaintiffs *could* file a motion seeking fees and costs for the "series of discovery disputes in which this court has granted plaintiffs' relief." (ECF No. 177 at 1, 4.)

Plaintiffs' motion does not seek its attorneys' fees and costs for deposing Defendants' expert. (ECF No. 191 at 11.) Accordingly, the only question is whether Plaintiffs should be awarded the other attorneys' fees and costs they seek.

Motions for attorneys' fees are governed by Federal Rule of Civil Procedure 54, which provides, in part, that such motions must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Here, Plaintiffs do not specify any authority upon which the court could award Plaintiffs their attorneys' fees. Instead, Plaintiffs incorrectly assert that "the court has ruled that costs and fees *shall* be awarded to Plaintiffs related to Dr. King's deposition and the 'series of discovery disputes in which the court has granted the plaintiffs' relief." (ECF No. 191 at 11 (internal citations omitted; emphasis added).) As explained above, the court did not rule that fees and costs "shall" be awarded related to the series of discovery disputes in this case. Rather, the court ruled that Plaintiffs *could* file a

motion seeking fees and costs for these disputes. Such a motion must comply with the relevant rules, and Plaintiffs' motion does not. Accordingly, the court will deny Plaintiff's motion for failure to cite and analyze relevant authority. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.")

Additionally, even if the court had previously ruled that Plaintiffs *would* be awarded their attorneys' fees and costs related to the "series of discovery disputes in which this court has granted plaintiffs' relief," the court cannot discern from Plaintiffs' motion whether these are the only attorneys' fees and costs sought. Plaintiffs do not specify the discovery disputes in which they were granted relief. (*See* ECF No. 196 at 11 (as Defendants put it, Plaintiffs are asking this court to "take it upon itself to review its docket to determine which, if any, of the 'discovery disputes' referenced in Plaintiffs' Motion were granted by the Court.").) Additionally, the court cannot discern from Plaintiffs' billing entries which entries relate to which motions that the court granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Increase Security Bond (ECF No. 174) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Attorneys' Fees and Costs (ECF Nos. 191, 192) is DENIED without prejudice.

DATED: February 12, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE