UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM MCKNIGHT and ELLA MCKNIGHT,<br><br>Plaintiffs<br><br>v.<br><br>NOBU HOSPITALITY GROUP LLC and DESERT PALACE, INC.,<br><br>Defendants | Case No.: 2:16-cv-02643-APG-BNW<br><br>**Order (1) Granting Desert Palace's Motion for Summary Judgment and Nobu's Joinder, and (2) Denying as Moot Nobu's Separate Motion for Summary Judgment**<br><br>[ECF Nos. 233, 235] |

    Plaintiffs William McKnight and Ella McKnight were staying at the Nobu Hotel at Caesars Palace when William fell in their guestroom bathroom and hit his head. The McKnights contend the design of the open shower—with no door or curtain—allowed water to get on the bathroom floor tiles that were unreasonably slippery when wet. Defendant Desert Palace, Inc. operates the Nobu Hotel under a license agreement with Nobu Hospitality Group LLC. The McKnights sue both defendants for negligence; negligent hiring, training, retention, and supervision; and loss of consortium. They also seek to hold the defendants liable under a respondeat superior theory, and they request punitive damages.

    Desert Palace moves for summary judgment on all claims, arguing there is no evidence of water on the floor that caused William to slip and fall. They also argue that even if there was water on the floor, there is no evidence that a Desert Palace employee placed it there or that Desert Palace knew or should have known of the hazard. Desert Palace also contends there is no evidence that Desert Palace was negligent in the hiring, retention, supervision, or training of any of its employees. As to respondeat superior, Desert Palace argues that because none of its employees was negligent, it cannot be vicariously liable. Finally, Desert Palace contends that

there is no evidentiary support for an award of punitive damages. Nobu joins in Desert Palace's motion and separately moves for summary judgment on the basis that it had no control over the premises, so it cannot be liable.

The McKnights respond that there is evidence of water on the floor based on William's affidavit, the fact that William had taken a shower the night before he fell, expert testimony that water takes a long time to evaporate in the Nobu bathroom, and expert testimony that the bathroom floor tiles are unreasonably dangerous when wet. They argue the defendants were aware of this hazard because their employees knew of prior complaints about water escaping from the shower and had responded to other slip and fall incidents in bathrooms. They also argue that despite knowing of the prior complaints, the defendants' employees did not warn the McKnights and were not instructed to warn patrons of possible dangers associated with the open shower design. They argue these facts support liability as well as punitive damages, as the defendants' failure to warn patrons or make design changes was in conscious disregard of the McKnights' safety. Finally, the McKnights contend that Nobu had authority to approve or reject design choices, including the choice of materials, so it had control over the premises.

I grant summary judgment in the defendants' favor on all claims because there is no evidence from which a reasonable jury could find there was water on the floor. I deny as moot Nobu's separate motion for summary judgment.

**I.  BACKGROUND**

The McKnights were in Las Vegas celebrating their 42nd wedding anniversary. ECF No. 234-1 at 5. They checked into Nobu Hotel on August 26, 2014. *Id.* On the 28th, William took a shower in the evening before they went to dinner. *Id.* at 7; ECF No. 239 at 33. Before they left for dinner, William did not notice anything about the condition of the bathroom floor. ECF No.

234-1 at 7. When they returned later that evening, he still did not notice anything about the condition of the floor. *Id.*

The next morning around 6:00 a.m., William got up to urinate. *Id.* at 8; ECF No. 234-2 at 6. As he was turning toward the sink to wash his hands, he felt his right foot slip out from beneath him. ECF No. 234-1 at 9, 12-13. He fell and hit his head. *Id.* at 12. Ella heard a noise and went to check on her husband. ECF No. 234-2 at 5-6. She found him lying on the bathroom floor with a pool of blood around his head. *Id.* at 6, 9. She asked him what happened and he responded he "didn't know." *Id.* at 10.

Ella called for help. *Id.* at 10; ECF No. 239 at 26. Jose Delatorre, an emergency medical technician (EMT) for Desert Palace, responded. ECF Nos. 234-3 at 5; 236-5 at 6-7. Nobu Hotel assistant duty manager Adam Calig also arrived. ECF Nos. 234-4 at 2; 239 at 37. An ambulance was summoned and William was taken to the hospital. ECF Nos. 234-4 at 2; 239 at 27.

Delatorre had no independent recollection of the event, so he does not recall the condition of the floor when he arrived on scene and he does not know if there was water on the floor. ECF No. 234-3 at 8-9. The incident report Delatorre prepared states that staff were called to the room "for slip and fall." ECF No. 234-4 at 2. The incident report does not indicate anything about water on the floor or what might have caused William to fall. *Id.*

Prior to the fall, William had not cleaned up any water on the bathroom floor. ECF No. 234-1 at 15. Ella did not know if there was water on the floor before William was taken to the hospital. ECF No. 234-2 at 11. She also did not notice any water on the floor after returning from the hospital. *Id.* In response to the defendants' summary judgment motion, William signed an affidavit stating: "I believe my foot slipped on water and/or some form of soap and water that was on the bathroom floor." ECF No. 239 at 58.

The showers at Nobu Hotel have an open design. ECF No. 239 at 39. According to the plaintiffs' expert, Justin Brink, the shower head was capable of discharging water outside the shower and onto the bathroom floor tiles. *Id.* at 53. Although the floor tiles are slip resistant when dry, Brink opined that "when wet[,] the subject flooring was as slippery as ice." *Id.* at 55-56. Calig was aware that prior to William's fall Nobu Hotel had received complaints about the open showers allowing water to get around the bathroom. *Id.* at 39-40. Calig testified that he did not know if any slip and falls occurred due to the open shower design. *Id.* at 42.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To establish negligence, a plaintiff must show: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (en banc). Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). However, the "owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies." *Id.* Negligence cannot be presumed from the mere fact that a person slipped and fell. *See id.*; *Rickard v. City of Reno*, 288 P.2d 209, 211 (Nev. 1955). The factfinder may find proximate cause based on reasonable inferences drawn from the evidence. *Rickard*, 288 P.2d at 211.

The plaintiffs contend that William's affidavit stating that he believes he slipped on water raises an issue of fact. They also argue that there is circumstantial evidence there was water on the bathroom floor because William had taken a shower less than 12 hours before he fell, water escaping the shower was a known problem, an evaporation expert testified that water would not have evaporated for at least 24 hours, and another expert opined that the floor is as slippery as ice when wet.

The defendants object to William's affidavit, arguing that it is a sham because it contradicts his deposition testimony. They also argue that William states in only conclusory fashion that he "believes" he slipped on water but he does not state what facts support that belief.

I do not find William's affidavit to be a sham affidavit because it does not appear to contradict his deposition testimony clearly and unambiguously. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009). Despite this case being about whether William slipped on water escaping from the shower, apparently no one specifically asked him if he knew

why he slipped or whether he felt water on the floor, his foot, or anywhere else on his body where he may have landed in water. *See* ECF Nos. 234-1; 239 at 30-34.

However, William's conclusory affidavit fails to raise a genuine dispute because his unsupported "belief" that he slipped on water is not a fact from which the jury could find there was water on the floor. *See Nilsson v. City of Mesa*, 503 F.3d 947, 951-52 & n.2 (9th Cir. 2007) (holding that a plaintiff's "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence" in which she stated that she did not understand a contractual waiver provision was insufficient to raise a genuine dispute (quotation omitted)); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1318 (11th Cir. 2011) ("Unreliable conjecture . . . presented as a 'belief' without any basis in ascertainable fact, was not the type of admissible evidence required to survive a motion for summary judgment."). William does not state the basis for his belief. He does not state, for example, that he saw or felt water before, during, or after he slipped. His affidavit is thus insufficient to create an issue of fact for the jury.

The rest of the evidence raises only the possibility that water might have been present on the floor and, if so, that the floor likely would have been slippery. Although a jury can make reasonable inferences from the evidence, it would be conjecture and speculation for a jury to conclude there was water on the floor. There is no evidence that anyone saw water on the floor, that William or Ella told anyone they saw or felt water on the floor, or that William told anyone he felt water on his foot or elsewhere on his body. The mere fact that William slipped and fell in the bathroom is insufficient to raise a genuine dispute.

I therefore grant the defendants' motion for summary judgment on the claims for negligence and negligent hiring, retention, training, and supervision. And because Ella's loss of consortium claim is derivative of William's claims, I grant summary judgment in the defendants'

favor on that claim as well. *See Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1178 & n.31 (Nev. 2008) (en banc). I deny as moot Nobu's separate summary judgment motion that contends Nobu had no control over the premises.

### III. CONCLUSION

I THEREFORE ORDER that defendant Desert Palace, Inc.'s motion for summary judgment **(ECF No. 233)**, which defendant Nobu Hospitality Group LLC joins, **is GRANTED**.

I FURTHER ORDER that defendant Nobu Hospitality Group LLC's motion for summary judgment **(ECF No. 235) is DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against the plaintiffs and to close this case.

DATED this 17th day of August, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE